
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO GARNICA, | No. 13-35834 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05544-RJB |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted March 25, 2016[**]

Before: D.W. NELSON, GRABER, and WATFORD, Circuit Judges.

Plaintiff Marco Garnica, an inmate formerly incarcerated in Washington

state, challenges the district court's dismissal of his action, brought under 42

U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of

2000 ("RLUIPA"), 42 U.S.C. § 2000cc-2(a), alleging that boxed meals provided to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Muslim prisoners violated various rights. We review de novo, San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 733 (9th Cir. 2009), and affirm.

During Ramadan 2010, Washington prisoners received boxed food containing items for a full set of cold meals, for consumption after sunset. Each inmate generally received about 2,700 calories daily, including items such as dates to break the fast, cereal and powdered milk, fruit, coffee cake, peanut butter and bread, cheeses, Halal meats for non-vegetarians, condiments, and fortified fruit drinks. Vegetarians such as Plaintiff received additional peanut butter, crackers, milk, and cereal. But viewing the evidence in the light most favorable to Plaintiff, as we must, Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004), prison officials inadvertently provided a low-calorie meal on the first day of Ramadan 2010 before quickly discovering and correcting the error. Because the deprivation was inadvertent and insubstantial, summary judgment to Defendants was nevertheless proper.

The district court correctly granted summary judgment to Defendants on the Eighth Amendment claim because an inadvertent, quickly corrected mistake does not amount to deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 835–36 (1994). The district court correctly granted

summary judgment to Defendants on the free exercise claim because Plaintiff has not shown that a low-calorie meal on one day "substantially burden[ed]" his practice of religion. Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). For the same reason, summary judgment was proper on the RLUIPA claim. 42 U.S.C. § 2000cc-1(a). All the meals provided after the first day were nutritionally adequate and did not substantially burden Plaintiff's religious exercise; they therefore did not violate any of the rights claimed.[1]

**AFFIRMED.**

---

[1] Plaintiff contends that his meals were in fact nutritionally inadequate because unnamed prison guards confiscated his supplemental snacks. The district court properly considered this contention, made in a pro se motion, as evidence, see Jones v. Blanas, 393 F.3d 918, 922–23 (9th Cir. 2004), and found that it was insufficient to create a genuine issue of material fact, see FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997).